FILED 26 SEP '19 11:29 USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:19-cr-00190-MO |
| v. | INDICTMENT |
| SHEFENG SU, <br> XIANCONG SU, <br> and <br> XINHUA LI YAN, | 18 U.S.C. § 1956(h) <br> 18 U.S.C. § 982(a)(1) |
| Defendants. | |

THE GRAND JURY CHARGES:

INTRODUCTORY ALLEGATIONS

At all times relevant to the allegations in this Indictment:

Defendants, **SHEFENG SU** and **XINHUA LI YAN**, were residents of Portland, Oregon.

Defendants, **SHEFENG SU, XIANCONG SU** and **XINHUA LI YAN**, were not registered or otherwise licensed as a money remitting business either in the State of Oregon or with the U.S. Department of Treasury Financial Crimes Enforcement Network and were not exempt from licensing.

The money laundering scheme employed by defendants involved two otherwise unrelated problems faced by two different groups.

The first group involves Mexican drug trafficking organizations, who accumulate large quantities of U.S. currency from the sale of illegal narcotics in the United States and must then transport the funds to Mexico undetected. These organizations have difficulty depositing U.S. dollars into Mexican financial institutions due to Mexican anti-money laundering regulations that limit the amount of cash deposits in U.S. dollars that Mexican financial institutions may receive. As a result, Mexican drug trafficking organizations often bundle and sell bulk U.S. drug proceeds in the U.S. black market in order to convert the proceeds to pesos, a more readily depositable currency in Mexico.

The second group involves Chinese Nationals who are restricted by China's Capital Flight laws that limit the amount of personal funds that can be transferred to a foreign country to $50,000 per year. As a result, some Chinese Nationals acquire U.S. dollars through the black market. This black market for U.S. dollars by Chinese Nationals has been referred to as the "Chinese Underground Banking System".

In response to both groups' problems, Chinese money brokers in Mexico provide money laundering services to Mexican drug trafficking organizations by accepting large amounts of U.S. dollars in the United States in exchange for pesos in Mexico. The same money brokers provide large sums of U.S. dollars to Chinese Nationals seeking to evade China's Capital Flight laws.

These transactions involve several steps. First, the drug trafficking organization in Mexico coordinates the delivery of bulk U.S. dollars through couriers in the United States to a money broker in the United States. Once the drug proceeds are received by the money broker in the United States, the money broker in Mexico pays the Mexican-drug-trafficking organization in pesos.

The Chinese money brokers then transfer the drug proceeds in U.S. dollars to a processor in the United States. The processor is responsible for advertising and selling the bulk U.S. dollars to Chinese Nationals in the United States. The processor identifies customers by posting advertisements on internet bulletin boards or private WeChat forums online. The processor then sells the bulk U.S. dollars in exchange for mobile China-to-China bank transfers to Chinese bank accounts controlled by the money laundering organization.

Chinese customers in the United States who purchase the bulk U.S. dollars from the processor in the United States then use the U.S. dollars to purchase assets and support their lifestyle in the United States, which Chinese Capital Flight restrictions would otherwise limit.

With the Chinese currency that it has received, the money laundering organization may then purchase goods for export to Mexico. Those goods are then sold at retail in Mexico for pesos and the broker in Mexico receives the funds to complete the money laundering cycle.

## COUNT 1
### (Conspiracy to Commit Money Laundering)
### (18 U.S.C. § 1956(h))

On or between October 1, 2015 and March 6, 2018, in the District of Oregon, the Northern District of Texas and elsewhere, defendant, **SHEFENG SU, XIANCONG SU** and **XINHUA LI YAN**, and other persons whose identities are known and unknown to the government, did knowingly combine, conspire, confederate and agree to conduct financial transactions involving proceeds of drug trafficking, a specified unlawful activity, affecting interstate and foreign commerce, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means used to accomplish the objectives of the conspiracy included, among others, the following:

Between October 1, 2015 and March 6, 2018, defendants **SHEFENG SU, XIANCONG SU** and **XINHUA LI YAN,** coordinated the collection of bulk U.S. currency on approximately 300 occasions. The value of the laundered funds totaled approximately $29,000,000. Additionally, the money laundering scheme involved the bank-to-bank transfers of Chinese RMB totaling the equivalent of approximately $19,720,104. As part of this money laundering scheme, more than 251 Chinese bank accounts were used to facilitate the unlawful activity.

- Between October 1, 2015, and February 4, 2016, defendants, **SHEFENG SU** and **XIANCONG SU**, received confirmation of more than $9,705,363 in transfers between Chinese bank accounts as part of this money laundering scheme.

- On or about February 2, 2016, defendants **SHEFENG SU** and **XIANCONG SU** travelled from Los Angeles, California to Houston, Texas to collect bulk cash as part of the money laundering scheme.

- On or about February 3, 2016, defendants **SHEFENG SU** and **XIANCONG SU**, collected approximately $1,274,955 in bulk cash in Houston, Texas.

- On or about February 3, 2016, defendants **SHEFENG SU** and **XIANCONG SU**, received confirmation of multiple funds transfers between Chinese bank accounts totaling approximately $358,400.

- On or about February 4, 2016, defendants **SHEFENG SU** and **XIANCONG SU**, were stopped by Texas law enforcement in Clay County, Texas with $1,274,955

in bulk cash. The cash was packaged in vacuum-sealed bags and loose bundles that were found to have an odor of narcotics following a police-canine positive alert.

- On or about August 3, 2017, defendant **XIANCONG SU**, received approximately $230,757 in RMB transfers to Chinese bank accounts held by defendant **XIANCONG SU**.

- On or about or between October 22, 2017 and October 23, 2017, defendant **SHEFENG SU**, communicated with a Boston, Massachusetts drug trafficker to coordinate the collection of bulk drug proceeds in Brooklyn, New York.

- On or about October 22, 2017, **XIANCONG SU** received RMB transfers into Chinese bank accounts held by defendant, **XIANCONG SU**.

- On or about October 24, 2017, defendant **XINHUA LI YAN**, sent a photograph of Chinese bank account information held by defendant, **XIANCONG SU**, to defendant, **SHEFENG SU**.

- On or about or between November 1, 2017 and November 30, 2017, defendants **SHEFENG SU** and **XINHUA LI YAN**, coordinated the exchange of a serial number and discussed the collection of bulk U.S. currency.

- Between November 30, 2017 and December 13, 2017, defendant **SHEFENG SU**, participated in the collection of bulk U.S. currency that was the proceeds of a multi-kilogram heroin sale made in an undercover law enforcement operation in Detroit, Michigan.

- On or about November 29, 2017, defendant **SHEFENG SU**, called a known drug trafficker in the Boston, Massachusetts-area to coordinate the collection of bulk cash drug proceeds.

- On or about December 16, 2017, defendant **SHEFENG SU**, communicated using a mobile phone with a Mexico-based phone number about the collection of bulk U.S. currency in Fort Worth, Texas.

- On or about February 2, 2018, defendant **SHEFENG SU**, was involved in the pickup of bulk U.S. currency totaling approximately $500,000 in a duffel bag in a parking lot in Atlanta, Georgia.

- On or about or between February 7, 2018 and February 8, 2018, defendant **SHEFENG SU**, coordinated a bulk cash money pickup in Flushing, New York from a subject later arrested in a multi-kilogram fentanyl seizure.

- On or about February 7, 2018, defendant **XIANCONG SU** sent confirmation of RMB Chinese bank account transfers to defendant, **SHEFENG SU**.

- Between February 22, 2018 and February 27, 2018, defendant **SHEFENG SU**, participated in a bulk cash money pickup of approximately $250,000 in Chicago, Illinois.

- On or about March 6, 2018, federal law enforcement executed search warrants at residences and safe deposit boxes owned by or associated with defendants **SHEFENG SU** and **XINHUA LI YAN** where agents seized more than $500,000 in bulk cash;

In violation of Title 18, United States Code, Section 1956(h).

**Indictment** Page 6

## FORFEITURE ALLEGATION

Upon conviction of the offense alleged in Count One of this Indictment, **SHEFENG SU**, **XIANCONG SU** and **XINHUA LI YAN**, defendants herein, shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any and all property, real or personal, involved in the money laundering offense and all property traceable to such property, including but not limited to the following:

One Rolex Yacht Master Watch, Serial No: 73G6J747; and

A money judgment for a sum of money equal to the amount of property involved in the money laundering conspiracy.

If the above-described forfeitable property, as a result of any act or omission of the defendants:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

////

////

////

////

////

////

////

////

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture substitute property pursuant to 21 United States Code, Section 853(p), as incorporated by 18 U.S.C. Section 982(b).

Dated: September 25, 2019

A TRUE BILL.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

OFFICIATING FOREPERSON

Presented by:

BILLY J. WILLIAMS
United States Attorney

*/s/ S. Mygrant/*

STEVEN T. MYGRANT, OSB #031293
Assistant United States Attorney